IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANTZ & JANTZ GbR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:26-cv-01503 |
| v. | ) | |
| | ) | |
| SCHEDULE A DEFENDANTS., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND UNSEALING THE DOCKET**

Plaintiff Jantz & Jantz GbR ("Plaintiff") has brought this action against a number of defendants alleging copyright violations under 17 U.S.C. § 106. (ECF No. 1). This is a so-called "Schedule A" case, where Defendants are so numerous they are listed in Schedule A, attached to the Complaint. Except, however, that Plaintiff, did not attach the Schedule A listing defendants to the Complaint, and instead requested leave to file the Schedule A and *ex parte* Motions for a Temporary Restraining Order and Alternative Service under seal "until the Court has the opportunity to rule on Plaintiff's request for temporary *ex parte* relief," as is common practice in these cases. (ECF No. 5). After reviewing the Complaint and Motion to File Under Seal, the Court determined, given the allegations presented by Plaintiffs, good cause existed and the Court granted this request. (ECF No. 7). Plaintiff subsequently filed under seal the Schedule A to the Complaint, which revealed 190 Defendants, alongside *ex parte* Motions for a Temporary Restraining Order and for an order to Show Cause Why a Preliminary Injunction Should Not Issue. (ECF No. 8-1).

The Court subsequently examined the claims presented in the Motion for Temporary Restraining Order and supporting documents, which, when examined alongside the Complaint,

revealed a broad and overly expansive reach by Plaintiff to assert unrelated copyright infringement claims in a single action, many of which can only charitably be described as tenuous at best. For the reasons that follow, Plaintiff's Motion for a Temporary Restraining Order and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue are DENIED.

**I. Background.**

This case is based around twenty images copyrighted by the Plaintiff. The only commonality between all twenty images is that Plaintiff is the copyright holder. Some images depict patterns of color and glitter, some arranged in horizontal lines or in a fading pattern and others in a manner that evoke cross-sections of a polished agate stone. Other images depict flowers, plants, or flamingos. Plaintiff alleges each Defendant has infringed on one of such copyrights through the offering of a single product for sale on one of the internet marketplaces Amazon, Temu, or Walmart. Plaintiff further alleges a civil conspiracy between all 190 Defendants. But the only allegation supporting this claim is that the allegedly infringing products bear "similarities and indicia of being related to one another" which suggests that they were manufactured from a common source and, upon Plaintiff's information and belief, that Defendants are coordinating and working in concert. (ECF No. 1, at ¶ 39). The Complaint does not explain what the supposed similarities and indicia are between the products offered for sale between the 190 Defendants or allege any facts surrounding the Defendants' coordination beyond the conclusory statement that it occurred, nor the basis for the "information and belief" alleged.

Of even greater concern are the disparities between the Plaintiffs Complaint and the supporting exhibits filed with Plaintiff's Motion for a TRO. In the Complaint, Plaintiff submitted an exemplar image of the copyrighted work and an image that purports to be an image of each

defendant's infringing work. In each case, the images are simply a copy-and-paste job, where the copyrighted image is presented as the image being used by Defendants, sometimes many Defendants. (*See* ECF No. 1, at 2–5). The images filed under seal in support of the Motion for a TRO are different — sometimes drastically so — and always in a way less favorable to Plaintiff's claims. A comparison of the images by the Court revealed an effort by Plaintiff to portray difficult questions of law and fact as being so clear-cut so as to justify an *ex parte* TRO freezing potentially tens or hundreds of thousands of dollars held in marketplace accounts of nearly 200 Defendants.

## II. Legal Standards.

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.,* 290 F.3d 578, 586 (3d Cir. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The standard the Court applies when evaluating the propriety of a temporary restraining order is the same as that of a preliminary injunction. *See ECM Associated, LLC v. Meier*, No. 2:24-CV-1698-RJC, 2026 WL 710103, at *1 (W.D. Pa. Mar. 13, 2026); Fed. R. Civ. P. 65. The moving party must show as a "threshold" matter that it can and likely will win on the merits before the Court need evaluate the other factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). There is no right to preliminary relief; entry of a temporary restraining order or a preliminary injunction is a discretionary action designed to preserve the status quo. *Americans for*

*Prosperity Found. v. Albence*, No. 26-2469, 2026 WL 2563151, at *2, 4 (3d Cir. Aug. 31, 2026).

## III. Discussion.

### a. *The Court Cannot Conclude Plaintiff is Likely to Succeed On the Merits Against Many Defendants.*

Plaintiff acknowledges that to establish copyright infringements they must prove: (1) ownership of a valid copyright; and (2) copying of constituent elements of a work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The element of copying is further broken down into two subcomponents: actual copying and material appropriation of the copyrighted work. *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018). A defendant has actually copied a work if the defendant did, in fact, use the copyrighted work when creating the allegedly infringing work; if the allegedly infringing work was created independently, then no infringement has occurred, "irrespective of similarity" between the two works. *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018). However, actual copying can be inferred through circumstantial evidence of access and a probative similarity between the copyrighted work and infringing work. *Id.* In evaluating whether an allegedly infringing work is a material appropriation, the finder of fact evaluates if the work is "substantially similar to the protected elements of the copyrighted work" as would be understood by a "lay-observer" of the work. *Id* at 174.

Plaintiff has provided sufficient information for the Court to preliminarily conclude that it is the owner of valid copyrights. (ECF No. 1-1). Plaintiff has also sufficiently shown that its works are available on the internet so that Defendants might have had access to them. Plaintiff has not shown, however, that it is likely to succeed on the merits of the material appropriation

subcomponent of the second prong of copyright infringement.

Plaintiff's entire argument that it is likely to succeed on the merits of the material appropriation sub-prong can be summarized by a single sentence: "Defendants' infringing works are strikingly similar to the [Plaintiff's] works and, comparing them side by side, are virtually indistinguishable." (ECF No. 8, at 28). Plaintiff's Motion for a TRO then directs the Court to the Complaint "for a comparison of Defendants' infringing works and the [Plaintiff's] works." (ECF No. 8, at 18). The Complaint contains a table that purports to be "a side-by-side comparison of Plaintiff's copyrighted works and an example of Defendants' products that embody Plaintiff's copyrighted works." (ECF No. 1, at ¶ 1). If the Court were to take that statement at face value, as it should be able to do, Plaintiff would have a slam-dunk argument for material appropriation. *See, e.g.*, *Figure 1*.

Instead, the Complaint risks misleading the Court because the images in the Complaint are not, in fact, an image of Defendants' allegedly infringing work, despite the promise of a "side-by-side comparison." Plaintiff separately filed 190 composites of Defendants' allegedly violative product listings as exhibits to the Motion for a TRO without actually referencing them in the Motion. These composites reveal a very different story than the Complaint. *See, e.g.*, *Figure 2*. Take the allegations as to Defendant #16 as a starting point. Below is what is in the relevant papers of record as to Defendant #16:

| Reg. Number | Title of Work | Copyrighted Work | Defendants' Images |
|---|---|---|---|
| VA 2-455-178 | Blush Glitter Glam Stripes #3 |  |  Def #1-35, 93, 100-120, 178-182 |

**Figure 1, ECF No. 1, Compl. at ¶ 1.**

016 TOORAIN




**Figure 2, ECF No. 8-8, at 16**

The only inference that could be drawn from the Complaint is that Defendant #16 had directly and exactly copied Plaintiff's copyrighted work, and Plaintiff's Motion for a TRO

directly invites the Court to rely on this inference. (ECF No. 8, at 18). But then the Court tallied at least sixty-four Defendants, of the 190 in total, for which Plaintiff's composites show images that are not direct copies of Plaintiff's copyrighted works, despite Plaintiff's statements to the contrary in the Complaint and Motion for a TRO. No document submitted by Plaintiffs acknowledges the discrepancies of color or patterns, except the composites themselves.

The image submitted of Defendant #16's allegedly infringing product, *see Figure 2*, is an illustrative example of the issue that permeates Plaintiff's Motion. Plaintiff's composite appears to highlight the glittery fabric on Defendant #16's product listing, but it is unclear if the inclusion of the green box emphasizing the stripe of glittery fabric is intended to convey that Plaintiff claims a stripe of glitter violates Plaintiff's copyright regardless of color, or if Plaintiff is asking the Court to evaluate the design as a whole, in which case the Plaintiff might be arguing that all striped fabrics with alternating rows of solid color and glitter violate Defendant's copyright. Plaintiff does not say, and the Court will not make Plaintiff's argument for it. This is only one of at least sixty-four instances where it is not clear what Plaintiff alleges is the protected aspect of its copyrighted work being infringed upon by Defendants

Next, take Defendant #47 as another illustrative example. Compounding the difficulty in interpreting Plaintiff's argument, some of Plaintiffs claims of copyright infringement against various Defendants are predicated on six copyrighted images depicting glittery agate in different colors and patterns. (S*ee* ECF No. 1, at 2–5). This implies Plaintiff recognizes that differences in pattern and color are sufficient to make distinctive works, but Plaintiff's blanket statements that all Defendants' works are "virtually indistinguishable," (ECF No. 8, at 18), despite clear differences in pattern and color, undermines this argument. *Compare, e.g.*, *Figure 3* (another

purported "side-by-side" comparison of the copyrighted image, left, and the allegedly infringing image, right) *with Figure 4* (the composite submitted of the actual product listing alleged to violate Plaintiff's copyright). Despite being different patterns and colors, Plaintiff apparently wants the Court to conclude that the images are identical and thus that Defendant #47 is infringing on Plaintiff's copyright. A casual examination by a "lay-observer" would reveal they are not identical, *Tanksley v. Daniels*, 902 F.3d 165, 174 (3d Cir. 2018), and Plaintiff does not attempt further explanation of the protected elements of the copyrighted work that Defendant #47 (or any other Defendant) is copying.

| | | | |
|---|---|---|---|
| VA 2-405-841 | Liquid Marble Agate Glitter Glam #1 |  |  Def #45-49, 94-96, 183 |

**Figure 3, ECF No. 1, Compl. at ¶ 1.**

047 HUYANGYANGIU




**Figure 4, ECF No. 8-8, at 47**

b. *The Court Declines to Copy-edit Plaintiff's Motion to Pick Out Defendants Against Which There May Be a Likelihood of Success On the Merits*

The issue noted above is exacerbated by Plaintiff's decision to join into this single civil action 190 Defendants who are alleged to violate one of a number of very different copyrights through sales on different internet storefronts. While the issue of joinder is not now before the Court, the Court notes that joining so many defendants, who facially have nothing in common except the alleged violation of one of twenty distinct copyrights belonging to Plaintiff, increases the difficulty of evaluating the instant Motion for a TRO. Joinder of multiple defendants is proper when "a right to relief is asserted against [defendants] jointly severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20(a)(2).

To support joinder, Plaintiff makes, and then repeats, a single conclusory statement that "The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences." (ECF No. 1, at ¶ 16, 19, 22). Plaintiff leaves the Court guessing what the common transaction, occurrence, or series of transactions or occurrences are that links, for example, Defendant #73's advertisement of a shirt with daisies on it for sale on Amazon with Defendant #118's advertisement of a striped pillow on Temu. (*See* ECF Nos. 8-8, at 75; 8-9, at 40). Plaintiff does not explain for the Court what unique identifiers or design elements the two obviously different products have in common or what the logical relationship between the two Defendants are; in the Court's estimation, there is none. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

Plaintiff's decision to join facially disparate claims involving hundreds of Defendants and twenty distinct copyrights without explaining the facts connecting them ultimately and fatally undermines Plaintiff's Motion. Plaintiff's Motion makes a singular argument as if it applies equally to all 190 Defendants, but as demonstrated above, it does not. The Court has identified at least sixty-four Defendants against which, on the record as it exists, Plaintiff is not likely to succeed

on the merits.[1] The Motion for a TRO does not make different arguments about how the various Defendants violate the various copyrights. It instead makes the blanket allegation that each of the Defendants' works are "virtually indistinguishable" from a copyright belonging to Plaintiff. (ECF No. 8, at 28). If the Court had only looked at the misleading presentation in the Complaint, this would be a logical conclusion. The Court does not, however, buy the argument that the examples cited in this Order are "virtually indistinguishable," and Plaintiff does not provide any explanation or argument to guide the Court's evaluation of each claim that presents a harder case.

Plaintiff made a strategic decision to litigate what appear to be a boatload of wholly unrelated claims in a single action. Because the Court concludes that nearly one-third of those claims are not likely to succeed on the merits, the Court will likewise deny Plaintiff's Motion for a TRO and Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue. It is possible that a Motion for a TRO could properly be granted against some of the Defendants. Plaintiff's Motion, however, treats all Defendants as a monolith, so the Court will do the same. Plaintiff does not attempt to explain how each particular Defendant is violating its copyright, thereby placing a load on the allegation that Defendants' images are "virtually indistinguishable" that collapses in nearly one-third of cases upon casual observation of the allegedly infringing images.

Plaintiff's entire argument that it is likely to succeed on the merits is based around the claim that each Defendant's work is "nearly identical" to Plaintiff's copyright. (ECF No. 8, at 28).

[1] The Court's initial review of the composites submitted by Plaintiff, (ECF Nos. 8-8, 8-9, 8-10), reveals that Plaintiff, on the record currently before the Court, is not likely to succeed on the merits against, at least, Defendants #4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, 33, 34, 35, 46, 47, 48, 49, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 78, 92, 94, 95, 97, 99, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 183, 184, 185, 186, and 190.

Plaintiff's own documents show that this is not true. The Court declines the implicit invitation to act as copyeditor for Plaintiff's Complaint and Motion by fixing its presentation of images and drawing inferences that might have been put forward by Plaintiff. The Court will not create arguments for Plaintiff about, for example, what the protected elements of Plaintiff's copyrights are and how they are being unlawfully appropriated by Defendants. It is the burden of the *moving party*, not the Court, to show that the moving party is likely to ultimately succeed on the merits of the litigation. *See Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980).

The Court, concluding that Plaintiff has not shown that it is likely to succeed on the merits, need not evaluate the other factors before denying the Motions. *See Reilly*, 858 F.3d at 179.

**IV. Conclusion**

A cursory inspection of the documents submitted by Plaintiff in support of its Motion for a TRO reveals an expansive reach by Plaintiff to string together tenuous claims that have a questionable-at-best relation to one another. It also reveals a carelessness in preparation of the Complaint and Motion that threatened to mislead the Court into an erroneous evaluation of the facts of the case had the Court not rolled up its proverbial sleeves and dug in to perform an extra level of analysis that was generated by the first clues of the Plaintiff's haphazard approach to this litigation. The Court has no reason to believe that the presentation of images in the Complaint was affirmatively intended to mislead the Court, but the dangers of carelessness are heightened in *ex parte* proceedings. The Court declines the Plaintiff's implicit invitation to conduct its judicial business in the same fashion in which the moving papers were generated.

Had this been an adversarial proceeding, defense counsel might have been able to point out the deficiencies of Plaintiff's Motion. Instead, Plaintiff sought an *ex parte* TRO based on the

misleading presentation provided in the Complaint, which then required the Court to act as fact-checker of Plaintiff's work. In *ex parte* proceedings, "the customary checks and balances do not pertain—and the court is entitled to expect an even greater degree of thoroughness and candor.… Courts must rely on the lawyers because their submissions are one-sided." *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 149 (3d Cir. 2024) (internal quotation omitted). The submissions by Plaintiff in this case fall short of the degree of thoroughness the Court expects, leaving the Court "vulnerable to being misled, whether by affirmative misrepresentation or by half-truths that deceive[ ] through their incompleteness." *Id.*

Plaintiff claims it is "entitled" to an *ex parte* temporary restraining order. (ECF No. 8, at 25). It is not. A TRO is discretionary relief designed to preserve the relative positions of parties after the movant has made the required showing. *See Americans for Prosperity Found. v. Albence*, No. 26-2469, 2026 WL 2563151, at *2 (3d Cir. Aug. 31, 2026). Plaintiff has not made the required showing of likelihood of success on the merits on its copyright infringement claim against at least sixty-four Defendants. Even if the Court were to find that Plaintiff was likely to succeed on the merits against the other Defendants, it "does not follow as a matter of course" that Plaintiff must receive the TRO. *Americans for Prosperity Found.* at *4 (quoting *Benisek v. Lamone*, 585 U.S. 155 (2018)). Plaintiff has litigated the case to this point as if the Motion for a TRO succeeds or fails against 190 Defendants together; it does not ask for the Court to evaluate the propriety of a TRO against each Defendant individually and offers no standards or individualized facts for the Court to perform such an evaluation. And that is before the Court gets to the question of whether the moving papers demonstrate that this Court has personal jurisdiction over each individual Defendant as to which extraordinary relief, including an asset freeze, is sought. The Court thus

exercises its discretion to decline to enter a temporary restraining order or order to show cause why a preliminary injunction should not issue. The denial of the Motion will be without prejudice; Plaintiff remains free to file another such Motion setting out and backing up specific facts that indicate it is likely to succeed on the merits against each Defendant for whom preliminary relief is sought. If such a motion is sought on an *ex parte* basis, the Court trusts Plaintiff will exercise the thoroughness such a motion demands.

AND NOW, this 1st day of October 2026, IT IS HEREBY ORDERED:

- Plaintiff's *Ex Parte* Application for a Temporary Retraining Order; an Order Restraining Assets and Merchant Storefronts; an Order to Show Cause Why a Preliminary Injunction Should Not Issue; and an Order Authorizing Expedited Discovery (ECF No. 8) is DENIED WITHOUT PREJUDICE.
- The Clerk of the Court is directed to unseal all documents previously filed under seal in this case.

**SO ORDERED** this 1st day of October 2026.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge